UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MORELAND REDD, Plaintiff, vs. CALIFORNIA SUPREME COURT Defendant. | Case No.: CV 16-1540-DMG<br><br>ORDER OF DISMISSAL |

## I. BACKGROUND[1]

Plaintiff is a former Los Angeles County Sheriff's Deputy who committed a series of commercial armed robberies. During one such robbery at a grocery store in Yorba Linda, California, he shot and killed a store employee, Timothy McVeigh. A jury convicted Plaintiff of the first degree murder of Timothy McVeigh, as well as the attempted murders of James Shahbakhti and Chris Weidmann, two private security officers who responded to a suspicious person call at another grocery store. Plaintiff shot at Weidmann, who pretended to have been hit, and succeeded in shooting Shahbakhti in the back as Shahbakhti was running

---

[1] The factual recitation of Plaintiff's criminal conduct is taken from *People v. Redd*, 48 Cal. 4th 691 (2010).

Order Denying and Dismissing Petition for Writ of Habeas Corpus - 1

away. The jury also convicted Plaintiff of two counts of second degree robbery, and two counts of second degree commercial burglary. The jury found true the special circumstances that the murder was committed while Plaintiff was engaged in the commission of robbery and of burglary. The jury also found true the allegations that Plaintiff personally used a firearm in the commission of each of the seven crimes, and that Plaintiff, with the specific intent to inflict such injury, personally inflicted great bodily injury upon James Shahbakhti. Plaintiff had been previously convicted of five serious or violent felonies at the time of the offenses in question.

Following the penalty phase of the trial, the jury returned a verdict of death. Plaintiff moved for a new trial and for modification of the penalty to life imprisonment without the possibility of parole. The trial court denied those motions and sentenced him to death. The court also sentenced him to a term of 111 years to life in prison with respect to the other charges on which he was convicted, and ordered restitution in the amount of $10,000. The California Supreme Court affirmed the conviction and sentence on direct appeal on April 29, 2010. Plaintiff's conviction and sentence became final when his Petition for Writ of Certiorari to the United States Supreme Court was denied on October 4, 2010.[2]

Plaintiff has not yet had state habeas counsel appointed, though the California Appellate Project filed a habeas petition asserting a limited number of claims (a so-called "shell" petition) on his behalf. That petition was filed on October 5, 2010, the day after the United States Supreme Court denied the Petition for Writ of Certiorari. Plaintiff has attempted to file *pro se* motions with the California Supreme Court, primary among them being motions to recall the remittitur and reopen briefing on his direct appeal. He has also written letters to the State Supreme Court requesting the appointment of habeas counsel. That Court

---

[2] The docket in Plaintiff's case on direct appeal is found on the California Supreme Court website located at: http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1791273&doc_no=S059531

has rejected Plaintiff's *pro se* filings and has also notified him that it is still attempting to find counsel to appoint for his state habeas case.

Plaintiff has previously filed premature habeas corpus petitions in this Court, the first of which was filed in 2013. (*See* CV 13-7238 ABC.) The Court, the Hon. Audrey B. Collins presiding, dismissed that case for Plaintiff's failure to exhaust state law remedies and declined to issue a certificate of appealability because Plaintiff had not made a substantial showing of the denial of a constitutional right. Plaintiff filed a motion for reconsideration, which the Court also denied. Plaintiff appealed the dismissal and denial of his *pro se* habeas petition.

The Ninth Circuit Court of Appeals invited Plaintiff to seek a certificate of appealability in that court and in response, Plaintiff apparently filed a document urging that court to issue an order "mandating that the California Supreme Court accept and file his pro se motion to recall the remittitur on direct appeal for consideration of eyewitness identification and search issues. Plaintiff insists the California Supreme Court's alleged refusal to consider his recall of the remittitur motion violates his rights to due process, equal protection, and access to the courts." (*See* CV 13-7238 ABC [Doc. # 11].) The Court of Appeals declined to issue a certificate of appealability because "[w]hether a remittitur is recalled on direct appeal raises an issue of state law that is not cognizable on federal habeas." *Id.*

Plaintiff then petitioned for a Writ of Certiorari from the United States Supreme Court. The Supreme Court denied the petition for writ of certiorari. *Redd v. Chappell*, 135 S. Ct. 712 (2014). Though the Supreme Court denied the petition, Justice Sotomayor issued a statement, joined by Justice Breyer, respecting the denial. In doing so, she stated:

> I vote to deny the petition for certiorari because it is not clear that Plaintiff has been denied all access to the courts. In fact, a number of alternative avenues may remain open to him. He may, for example, seek appointment of counsel for his federal habeas proceedings. See 18 U. S. C. §3599(a)(2). And he may argue that he should not be required to exhaust any claims that he might otherwise bring in state

> habeas proceedings, as "circumstances exist that render [the state corrective] process ineffective to protect" his rights. 28 U. S. C. §2254(b)(1)(B)(ii). Moreover, Plaintiff might seek to bring a 42 U.S.C. §1983 suit contending that the State's failure to provide him with the counsel to which he is entitled violates the Due Process Clause. Our denial of certiorari reflects in no way on the merits of these possible arguments. Finally, I also note that the State represents that state habeas counsel will be appointed for Plaintiff "[i]n due course"—by which I hope it means, soon.

Id. at 713.

Most recently, Plaintiff filed a request for appointment of federal habeas counsel. That request was denied on the same bases as the prior habeas denials and dismissals. (*See* CV 15-1460 DMG.)

Encouraged by Justice Sotomayor's statement, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on March 4, 2016. The complaint consists of four causes of action, or claims.

Claim 1 – Equal Protection Violation.

Plaintiff asserts that because the California Supreme Court has not yet appointed habeas corpus counsel for him, he has been prejudiced in bringing what he believes are meritorious habeas claims. The gravamen of this claim, however, as evidenced by Plaintiff's statement of facts, is that the state supreme court's rulings on direct appeal not only improperly shifted proof burdens to him but also misconstrued and misapplied California statutory law on the admissibility of evidence. He also states that the California Supreme Court is biased against him, and all death row inmates, because of the disparity between that court's reversal rate under former Chief Justice Rose Bird and the affirmance rate in the years since she and two other justices were recalled by the voters.

Claim 2 – Denial of Effective Corrective Process.

Plaintiff asserts that the fact that he has awaited the appointment of habeas counsel for 19 years demonstrates that there is lack of effective corrective process. Further, Plaintiff believes that the California Attorney General misrepresented facts to the United States Supreme Court when, in its opposition to the petition for

writ of certiorari, that office informed the high court that Plaintiff's direct appeal counsel was still available to assist him, which though factually true is not in fact accurate because, as Plaintiff also complains, his direct appeal counsel refuses to consult with him to process his recall of the remittitur.[3]

Claim 3 – Denial of Access to the Courts

Plaintiff asserts that though the California Supreme Court has a policy of supplying state habeas counsel at the same time as the appointment of direct appeal counsel, or as soon thereafter as possible, the court does not actually follow that policy. He believes that the court compounds this problem by refusing to allow inmates to file habeas petitions on a *pro se* basis. He also complains that the California Supreme Court came up with new theories of evidentiary admissibility that bolstered the state's case, which he believes that court was not allowed to do. According to Plaintiff, the State Supreme Court exacerbated its mistake when it failed to offer the parties the opportunity to brief those new theories of admissibility. This is the source of his desire to recall the remittitur in his case. Because Plaintiff's appellate counsel does not see things as he does, a dispute has arisen between them. He believes that the state Supreme Court has taken advantage of that rift and continues to plague his attempts to recall the remittitur and obtain a fair review of his case.

Claim 4 – Violation of Due Process

Plaintiff here complains that the lengthly delay[4] in having his case adjudicated amounts to a violation of his due process rights. He also complains that the "bias shown by the [California Supreme Court] since Rose Bird's ouster"

---

[3] Rule 26(c) of the California Rules of Court, authorizes an appellate court to recall the remittitur and reinstate the appeal for good cause. Recall of the remittitur is appropriate where an error has occurred which would entitle a defendant to habeas corpus relief. *People v. Mutch*, 4 Cal. 3d 389, 396-97 (1971).

[4] Plaintiff was sentenced to death on February 28, 1997. Counsel was appointed for him on direct appeal in June 2001 and after receiving multiple extensions of time, Plaintiff filed his opening brief on appeal on January 12, 2005. His conviction and sentence were affirmed on April 29, 2010. The United States Supreme Court denied Plaintiff's Petition for Writ of Certiorari on October 4, 2010. The California Appellate Project filed a placeholder habeas corpus petition on Plaintiff's behalf on October 5, 2010. As of this date, counsel has not been appointed in Plaintiff's state habeas case.

Order Denying and Dismissing Petition for Writ of Habeas Corpus - 5

as shown by the sharp decline in death sentence reversals by that court demonstrates that he is not receiving adequate due process. Finally, he again complains that the state Supreme Court's interpretation of California law amounts to a violation of due process.

## II. DISCUSSION

Habeas corpus is the exclusive remedy for a prisoner who is challenging the fact or duration of his confinement and seeking immediate or speedier release. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). On the other hand, a prisoner who is seeking monetary damages because of an alleged violation of constitutional rights must file a civil rights action pursuant to 42 U.S.C. § 1983, provided the claim does not call into question the validity of the prisoner's confinement. *See Heck*, 512 U.S. at 482-83; *Wolff v. McDonnell*, 418 U.S. 539, 553-54 (1974); *see also Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388 (1971) (acknowledging civil rights action for federal prisoners). If the civil rights claim necessarily implies the invalidity of the conviction or sentence, the "§ 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 513 U.S. at 486-87. Otherwise, such a claim is not cognizable under § 1983. *See id.* at 487.

If the prisoner files a 42 U.S.C. § 1983 complaint that also seeks relief available only under habeas corpus, this Court should construe that portion of the complaint as a habeas corpus petition. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1992); *see also Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (noting that § 1983 claim barred by *Heck* could be asserted in a habeas corpus petition). Likewise, if the prisoner files a habeas corpus petition that also seeks relief available under 42 U.S.C. § 1983, the district court should construe

that portion of the habeas petition as a civil rights claim. *See Tucker*, 925 F.2d at 332. Additionally, failure to construe a misfiled § 1983 action as a habeas petition could raise potential problems with the statute of limitations.

Federal courts should convert a § 1983 action into a habeas claim when the prisoner's intentions are clear. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (*per curiam*). The district court should not do so, however, when that intention is unclear to avoid usurping the prisoner's only chance at a habeas petition and prematurely deciding certain issues or failing to consider potential claims. *See Id.* (citing *McClesky v. Zant*, 499 U.S. 467 (1991)). No such reservations are present when the district court converts a § 1983 action and then dismisses it for lack of exhaustion of state remedies, because a dismissal on those grounds does not render later petitions second or successive. *See Id.*

Plaintiff's *pro se* complaint is understandably somewhat rambling. The Court is cognizant of, and sympathetic to, the difficulties created by delays that Plaintiff and other death row inmates experience in trying to get their cases before the California state courts. Nonetheless, as the case law demonstrates, Plaintiff has no remedy available to him. This is made abundantly clear in the request for relief found in Section E of his complaint. In that section, Plaintiff complains that he was subjected to an unlawful search and detention by law enforcement. Such a claim is clearly within the ambit of those claims that are or can be raised on direct appeal. In fact, they were raised on direct appeal and addressed by the California Supreme Court. It is that Court's interpretation of California law[5] regarding the authority of federal park police officers operating off of federal land that has given rise not only to this complaint, but also Plaintiff's prior habeas cases and the disagreement with his counsel regarding his desire to recall the remittitur. It is

---

[5] In Plaintiff's view, the California Supreme Court invented authority and misinterpreted or misapplied the California Penal Code. The California Supreme Court is, of course, the ultimate source of authority on the scope and interpretation of California law and thus cannot "invent authority" or misapply state law.

important to note that the United States Supreme Court had the opportunity to address the California Supreme Court's decision regarding the propriety of the federal park police officer's search and seizure on direct appeal, but declined to do so. It is also noteworthy that irregularities in the trial or appellate process that render a prisoner's incarceration constitutionally infirm are the very claims that are to be brought on habeas review. They cannot be made part of a civil rights complaint.

In addition to these shortcomings, the proposed relief that Plaintiff seeks is not available in federal court, under either habeas corpus or civil rights jurisprudence. He asks the Court to review the California Supreme Court's determination that his detention by the federal park police officer, and the subsequent inventory search of his vehicle, were permissible under California law. Plaintiff specifically asks the Court to invalidate that finding, order the California Supreme Court to accept and file his *pro se* motion to recall the remittitur, or in the alternative, order the state court to appoint counsel for him.

Absent extraordinary circumstances, federal courts may not interfere with pending state court proceedings on constitutional grounds. *See Younger v. Harris*, 401 U.S. 37, 49-53 (1971). This abstention avoids unnecessary friction in state-federal relations where federal court intervention could be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles. *Moore v. Sims*, 442 U.S. 415, 426 (1979). That is particularly the case here where Plaintiff's claim is that his federal due process rights are being violated by the California Supreme Court's interpretation of California law. It is not within this Court's purview to tell the California courts how to interpret California law, or how to manage their caseloads. Indeed, this Court is bound by the decisions of the California Supreme Court on matters of California law.

In cases where the relief sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on

abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717 (1996) (citations omitted). Federal courts must abstain where state court proceedings are pending when the federal action is filed, implicate important state interests, and provide adequate opportunity to raise the federal claims. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Dubinka v. Judges of the Sup. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994). Federal courts have the power to abstain in cases raising issues intimately involved with the state's sovereign prerogative. *Quakenbush*, 517 U.S. at 717 (citations omitted).

These cases make clear why this Court cannot exercise jurisdiction over Plaintiff's complaint. The relief Plaintiff seeks is equitable in nature, as he requests that this Court order the California state court to reverse itself on its own decisional law, allow petitioner to file certain documents, or appoint counsel to represent him. The Court's equitable powers do not extend to such matters. Moreover, Plaintiff will have an adequate forum to raise any proper constitutional claims in future state habeas proceedings. The California Supreme Court's authority as the ultimate arbiter of California law implicates the state's most important sovereign interests and prerogatives and this Court has no authority in our federal system to interfere.

## III. CONCLUSION AND ORDER

Plaintiff's requests for relief are not cognizable in an action brought under 42 U.S.C. § 1983 because they call into question the validity of his confinement. These are claims that can only be pursued in habeas corpus proceedings. Moreover, Plaintiff is asking this court to order the California Supreme Court to reverse itself on a matter of decisional law that is solely within that court's purview to decide. In accordance with the abstention doctrines discussed herein, and in the

interest of comity and federalism on which they are based, the Court hereby dismisses Plaintiff's complaint with prejudice.

**IT IS SO ORDERED.**

DATED: October 3, 2017

                                               DOLLY M. GEE
                                      UNITED STATES DISTRICT JUDGE